# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| OLUWADAYISI OMOSULE, | : | |
| Plaintiff, | : | Case No. 3:09cv00261 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| JUDGE STEPHEN L. HURLEY,<br>*et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Oluwadayisi Omosule, a resident of Dayton, Ohio, brings this case *pro se* asserting that although he has continually paid his child support, certain officials in Butler County, Ohio and Greene County, Ohio have taken various actions against him by claiming, in part, that he has not paid his child support. He alleges, for example, "While I was in jail in Butler County, Hamilton, Ohio, the prosecutor['s] office filed a ... [contempt] of court for me not paying child support. A few weeks later, Butler County prosecutor release on my own recogniz[ance] so that I can attend Greene County case...." (Doc. #2 at 3). He asserts that a magistrate in Greene County pre-judged his case by deciding his guilt before hearing the facts, and sentenced him to sixty days in the Greene County Jail and that Judge Steven L. Hurley overruled his objections to the magistrate's ruling. He further states, "I thought it's the duty of our court to seek the truth not to help to cover up other people's mistakes. The conviction as been pre[-]made all along." (Doc.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

#2 at 3).

In the present case, Plaintiff seeks relief from the state proceedings apparently pending against him by stating, "I will like the Court to stop the sentencing." (Doc. #2 at 4). He also seeks an award of $50,000 in damages against each defendant for preventing him from working, paying his child support, and caring for his children. (Doc. #2 at 4).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923. The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

Plaintiff's factual allegations, although not delusional, fail to state a claim with an arguable basis in law. This is so because under *Heck v. Humphrey*, 512 U.S. 477 (1994), his present federal constitutional claims brought under 42 U.S.C. §1983 are not cognizable. The Supreme Court explained in *Heck*:

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

would render a conviction or sentence invalid, a §1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

512 U.S. at 486-87.

Plaintiff's Complaint seeks an Order stopping his sentencing in state court for an unspecified conviction (perhaps failure to pay child support) as well as an award of damages against each named defendant. To grant such relief would imply that his underlying conviction was constitutionally invalid. His claims are therefore not cognizable in this case unless he first shows that his conviction has been invalidated. *See Heck*, 512 U.S. at 487. His Complaint does not indicate whether or not his conviction has been invalidated, and given that he is presently awaiting sentence, it appears that he has yet to appeal his conviction in the Ohio Court of Appeals or the Ohio Supreme Court. If Plaintiff exhausts his potential avenues of relief in the Ohio courts, he may yet seek relief in a federal habeas corpus action under 28 U.S.C. §2254. Consequently, his present Complaint does not raise a legally cognizable claim, and it is consequently subject to dismissal without prejudice. *See Heck*, 512 U.S. at 486-87; *see also Powers v. Hamilton County Public Defender*, 501 F.3d 592, 599-605 (6th Cir. 2007)(discussing *Heck*).

Accordingly, Plaintiff's Complaint must be dismissed without prejudice under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED without prejudice;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


August 19, 2009

                                                             s/Sharon L. Ovington
                                                               Sharon L. Ovington
                                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).