**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**


OLUWADAYISI  OMOSULE,       :

     Plaintiff,            :      Case No.  3:09cv00261

vs.                     :      District Judge Walter Herbert Rice
                                Magistrate Judge Sharon L. Ovington

JUDGE STEPHEN L. HURLEY,   :
 *et al*.,
       Defendants.         :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]

---

## I.    Introduction and Background

     Plaintiff Oluwadayisi Omosule, a resident of Dayton, Ohio, brings this case *pro se* asserting that although he has continually paid his child support, certain officials in Butler County, Ohio and Greene County, Ohio have taken various actions against him by claiming, in part, that he has not paid his child support.  He alleges, for example, "While I was in jail in Butler County, Hamilton, Ohio, the prosecutor['s] office filed a ... [contempt] of court for me not paying child support.  A few weeks later, Butler County prosecutor release on my own recogniz[ance] so that I can attend Greene County case...." (Doc. #2 at 3).  He asserts that a magistrate in Greene County pre-judged his case by deciding his guilt before hearing the facts, and sentenced him to sixty days in the Greene County Jail and that Judge Steven L. Hurley overruled his objections to the magistrate's ruling.  He further states, "I thought it's the duty of our court to seek the truth not to help

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

to cover up other people's mistakes. The conviction as been pre[-]made all along." (Doc. #2 at 3).

In his Complaint Plaintiff seeks relief from the state proceedings apparently pending against him by stating, "I will like the Court to stop the sentencing." (Doc. #2 at 4). He also seeks an award of $50,000 in damages against each defendant for preventing him from working, paying his child support, and caring for his children. (Doc. #2 at 4).

On September 14, 2009, Plaintiff filed Objections to a prior Report and Recommendations asking the case to proceed and clarifying that Greene County Court of Common Pleas Judge Steven Hurley and Magistrate Kimberly Stump have denied him a fair trial and discriminated against him during proceeding concerning allegations that he failed to pay child support. (Doc. #7 at 1). Plaintiff claims that Judge Hurley and Magistrate Stump discriminated against him on the basis of his race because he "was married to a white woman." *Id.* He is likewise frustrated that the U.S. Immigration brought him from Canada, where he had a job, to the United States, where he cannot get a job and where he has undergone a trial for non-payment of child support. *Id.* Plaintiff asserts that such trial violated his civil rights and the Eleventh Amendment to the United States Constitution. *Id.* at 1-2.

Plaintiff characterizes Judge Hurley and Magistrate Stump's conduct and decisions as an "abuse of power," and he states that they "will not understand the roles immigration play in life [sic] of peoples that carried green card in the United States of America. And also decision shall not and must not be made before any trials by any Judges and Magistrates base of [sic] color or origin of the defendant. This is very important to me, because if that is the case, why do we have constitution, why do we have laws and why do we have courts that tell us that no one is above the law?" (Doc. #3 at 2).

## II.    **Applicable Standards**

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is before the Court for a *sua sponte* review to determine

whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler*, 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

A Complaint fails to state a claim upon which relief may be granted starts by accepting the plaintiff's allegations as true and construing the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[A] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. 1937, 1949

(2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007)

The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

## III.  Analysis

Accepting Plaintiff's allegations as true and liberally construing them in his favor, and further considering his Complaint together with his Objections, does not reveal the existence of a claim upon which relief can be granted.  Plaintiff's Objections do not alter the analysis and conclusions set forth in the prior Report and Recommendations, which are repeated here, in pertinent part, as follows:

> Plaintiff's factual allegations, although not delusional, fail to state a claim with an arguable basis in law.  This is so because under *Heck v. Humphrey*, 512 U.S. 477 (1994), his present federal constitutional claims brought under 42 U.S.C. §1983 are not cognizable.  The Supreme Court explained in *Heck*:

>> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.
>> 512 U.S. at 486-87.

> Plaintiff's Complaint seeks an Order stopping his sentencing in state court for an unspecified conviction (perhaps failure to pay child support) as well as an award of damages against each named defendant.  To grant such relief would imply that his underlying conviction was constitutionally

4

invalid. His claims are therefore not cognizable in this case unless he first shows that his conviction has been invalidated. *See Heck*, 512 U.S. at 487. His Complaint does not indicate whether or not his conviction has been invalidated, and given that he is presently awaiting sentence, it appears that he has yet to appeal his conviction in the Ohio Court of Appeals or the Ohio Supreme Court. If Plaintiff exhausts his potential avenues of relief in the Ohio courts, he may yet seek relief in a federal habeas corpus action under 28 U.S.C. §2254. Consequently, his present Complaint does not raise a legally cognizable claim, and it is consequently subject to dismissal without prejudice. *See Heck*, 512 U.S. at 486-87; *see also Powers v. Hamilton County Public Defender*, 501 F.3d 592, 599-605 (6th Cir. 2007)(discussing *Heck*).

(Doc. #3 at 2-3).

In addition to the Complaint's *Heck v. Humphrey* problem, Plaintiff also faces the doctrine of absolute immunity. Plaintiff's Objections clarify that he seeks to raise race discrimination and civil rights claims against Judge Hurley and Magistrate Stump, and his Complaint seeks to impose $50,000 in damages against each defendant.

Absolute immunity is triggered when judges engage in "paradigmatic judicial acts, or acts of actual adjudication, i.e., acts involved in resolving disputes between parties who have invoked the jurisdiction of the court." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *see Stump v. Sparkman*, 435 U.S. 349, 355-61 (1978); *see also DePiero v. City of Macedonia*, 180 F.3d 770, 783-84 (6th Cir. 1999). Absolute immunity protects judges unless they engage in non-judicial acts or act in the clear absence of all jurisdiction. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Absent either of these exceptions, absolute immunity applies even if judges "act erroneously, corruptly or in excess of jurisdiction." *Id*.

Plaintiff's allegations do not indicate that either Judge Hurley or Magistrate Stump committed a non-judicial act or acted in the clear absence of jurisdiction. Instead, Plaintiff's allegations and claims focus on acts they took or decisions they made concerning his trial for non-payment of child support. Such acts and decisions were taken in the course of performing their official judicial duties. Consequently, these jurists'

alleged acts and decisions raised in Plaintiff's Complaint and his Objections constitute paradigmatic judicial acts triggering the doctrine of absolute immunity. *See Barrett*, 130 F.3d at 254. Assuming, moreover, that Judge Hurley and Magistrate Stump discriminated against Plaintiff on the basis of his race or otherwise violated his constitutional or civil rights, absolute immunity bars Plaintiff's claims against these jurists because they acted the performance of their official judicial duties. *See King*, 766 F.2d at 965 (absolute immunity applies even if judges "act erroneously, corruptly or in excess of jurisdiction.").

Lastly, several questions Plaintiff asks in his Objections warrant further comment in light of the dispositive effect absolute immunity has on his claims. Plaintiff's concern for his rights under the Constitution and laws is certainly understandable. *See* Doc. #7 at 1-2. Yet "[f]or centuries, the cloak of absolute immunity judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties." *Barrett*, 130 F.3d at 254. "[T]he Supreme Court recently reiterated this policy rationale in *Clinton v. Jones:* 'immunity serves the public interest in enabling such officials to perform their designated functions effectively without fear that a particular decision may give rise to personal liability.' 520 U.S. 681, ----, 117 S.Ct. 1636, 1643, 137 L.Ed.2d 945 (1997). The Court continued:

> As public servants, the prosecutor and the judge represent the interest of society as a whole. The conduct of their official duties may adversely affect a wide variety of different individuals, each of whom may be a potential source of future controversy. The societal interest in providing such public officials with the maximum ability to deal fearlessly and impartially with the public at large has long been recognized as an acceptable justification for official immunity.

*Id.* at ---- - ----, 117 S.Ct. at 1643-44." *Barrett*, 130 F.3d at 254 (other citation and footnote omitted). Although the rationale underpinning absolute immunity may be small comfort to Plaintiff, it may reassure him to know that the rationale is well-settled, promotes judicial impartiality, and benefits society as a whole. *See id.* (and cases cited therein).

Accordingly, Plaintiff's Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1.      Plaintiff's Complaint be DISMISSED;

2.      The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3.      The case be terminated on the docket of this Court.

November 30, 2009

        s/ Sharon L. Ovington
         Sharon L. Ovington
       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).